```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUTERMUTH INVESTMENTS, INC.,
ROBERT L. GUTERMUTH and
ELLEN R. GUTERMUTH,

                    Plaintiffs,              MEMORANDUM & ORDER

        -against-                            07-CV-1105 (ENV) (RER)

COOLBRANDS SMOOTHIES
FRANCHISE, LLC and
COOLBRANDS INTERNATIONAL INC.,

                    Defendants.
------------------------------------------------------------X
```

**RAMON E. REYES, JR., U.S.M.J.:**

On June 7, 2007, plaintiffs Gutermuth Investments, Inc., Robert L. Gutermuth, and Ellen R. Gutermuth ("plaintiffs") filed this motion to reconsider a decision of the United States District Court for the Western District of Texas granting defendants' Coolbrands Smoothies Franchise, LLC ("CSF") and Coolbrands International Inc. ("CI") (collectively, "defendants") motion to transfer venue to this Court. Plaintiffs argue that there are changed circumstances which warrant reconsideration of the prior decision and the transfer of this case back to the United States District Court for the Western District of Texas. For the reasons set forth below, plaintiffs' motion to reconsider is granted, but the Court nevertheless declines to transfer this case back to the United States District Court for the Western District of Texas.

## Background

On or about July 9, 2004, plaintiffs and CSF began negotiations to open Tropicana Smoothies stores in San Antonio, Texas. Plaintiffs' Motion to Reconsider Transfer of Venue ("Pls' Mot.") ¶ 3. Plaintiffs entered into two Franchise Agreements with CSF on April 18, 2005

and July 27, 2005, respectively, to open two stores. *Id*. ¶ 5. Plaintiffs opened its first Tropicana Smoothies store on November 11, 2005. *Id*. ¶ 5. On or about January 30, 2006, CSF informed plaintiffs that it would no longer be permitted to open any additional stores. *Id*. ¶ 6.

On May 1, 2006, plaintiffs filed suit against defendants in state court in San Antonio, Texas alleging breach of contract. *Id*. ¶ 9. Defendants removed the case to the United States District Court for the Western District of Texas on the basis of diversity jurisdiction. *Id*. Shortly thereafter, defendants filed a motion to dismiss for improper venue, or alternatively to transfer the case to the appropriate federal district court in New York, and CI separately filed a motion to dismiss for lack of personal jurisdiction. *Id*. In seeking to have the case transferred, defendants relied primarily on the choice of law provision and forum selection clause within the Franchise Agreements, which states:

> Except to the extent governed by the United States Trademark Act of 1946 (Lanham Act, 15 U.S.C. §§ 1051 et seq.) or other federal law, this Agreement and the relationship between the parties hereto shall be governed by the internal laws of the State of New York without regard to its conflicts of law principles.

* * *

> You [plaintiffs] agree that You shall institute and We may institute any action against You which is not required to be arbitrated hereunder in any state or federal court of general jurisdiction in the County of Suffolk, New York, or the state court of general jurisdiction or the Federal District Court nearest to Our executive office at the time such action is filed. You irrevocably submit to the jurisdiction of such courts and waive any objection You/it/he/she may have to either the jurisdiction or venue of such courts.

Defendants' Amended Response to Plaintiffs' Motion to Reconsider Transfer of Venue ("Defs' Mot.") at 11. Defendants also argued that Texas was an inconvenient forum as all known witnesses and documents were located in New York, where defendants then maintained their offices. Pls' Mot. ¶ 9.

2

On October 11, 2006, United States Magistrate Judge Nancy Nowak issued a Memorandum and Recommendation to the Honorable Royal Furgeson on defendants' pending motions. Defs' Mot., Exh. A. After balancing both the public and private interest factors properly considered in transferring venue and reviewing the forum selection clause in the Franchise Agreements, Magistrate Judge Nowak recommended that the case be transferred to this Court. *Id*. at 11. On October 19, 2006, Plaintiffs filed timely objections to Magistrate Judge Nowak's Memorandum and Recommendation. Defs' Mot., Exh. B at 1. District Judge Furgeson reviewed *de novo* the Memorandum and Recommendation and found that "the facts surrounding this case- in particular the forum selection clause within the contracts at the heart of the case- support a transfer of venue to the Eastern District of New York." *Id*. at 6, 16.

On January 29, 2007, the case was transferred to this Court. Docket Entry 23.[1] On March 29, 2007, two months later, plaintiffs received an email from Chris Taylor, an employee of defendants, stating that the defendants were closing its corporate office in Ronkonkoma, New York and all operational and accounting functions would be transferred to its world headquarters in Canada. Pls' Mot. ¶ 11. Plaintiffs then filed a motion in the Western District of Texas to reconsider transfer of venue based on the closing of the New York office. *Id*. Finding that it lacked jurisdiction to reconsider its order, the district court in Texas denied plaintiffs' motion on May 31, 2007. *Id*.

---

[1] Plaintiffs claim that the clerk of the Eastern District of New York acknowledged the transfer of venue on or about March 22, 2007, and that "seven days later" defendants closed its New York offices. Pls' Mot. ¶¶ 10, 11. However, the docket indicates that the case was transferred to this Court on January 29, 2007. Docket Entry 23.

3

On June 7, 2007, plaintiffs filed the instant motion to transfer venue in this Court. Docket Entry 39. Plaintiffs argue that venue in the Eastern District of New York is improper because defendants no longer have offices in New York, and further that plaintiffs' key witnesses reside in San Antonio, Texas. Pls' Mot. ¶¶ 14,15. Defendants maintain that although it no longer rents office space in New York, all documents relating to this case are still housed in Ronkonkoma, New York. Affidavit of Michael Serruya ("Serruya Aff.") ¶ 18. Further, three employees retained by the Ronkonkoma office as consultants for defendants continue to reside in the states in which they resided before defendants closed the New York office, two in New York and one in North Carolina. *Id*.

## Discussion

I. <u>Reconsideration is Appropriate</u>

Pursuant to Local Civil Rule 6.3, a motion to reconsider may be granted if it is shown that the court overlooked controlling decisions or factual matters that were put before it in the underlying motion. In addition, "[a] court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *See Nnebe v. Daus*, No. 06 Civ. 4991, 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006). New evidence, for these purposes, must be evidence that "could not have been found by due diligence." *Word v. Croce*, No. 01 Civ. 9614, 2004 WL 434038, at *4 (S.D.N.Y. March 9, 2004). It is also generally accepted that a judge can reconsider a decision rendered by another judge in the same case.

Plaintiffs seek reconsideration based on the fact that since the district court in Texas transferred the case to this Court, defendants closed their corporate headquarters in New York. I find that defendants' closure of its corporate headquarters in New York does constitute "new evidence" that was not previously available, and therefore plaintiffs' motion to reconsider is granted.

II.   Transfer is Inappropriate

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In considering a transfer under § 1404(a), a district court must consider both the private interests of the litigants as well as the public interests. *See Gulf Oil v. Gilbert,* 330 U.S. 501, 508 (1947). Section 1404(a) is intended "to prevent waste of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (*quoting Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). A ruling on a request to transfer under § 1404(a) is committed to the sound discretion of the district court. *See Steward Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). Discretion is to be exercised "upon notions of convenience and fairness on a case-by-case basis." *Publicker Indus. Inc. v. States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992).

Although there is no definitive list of factors that must be considered as part of a court's exercise of discretion in deciding whether to transfer a case, courts in this circuit generally consider: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses,

(5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice. *See In re Hanger Orthopedic Group, Inc. Securities Litig.*, 418 F. Supp. 2d 164, 167-68 (E.D.N.Y. 2006); *Kroll v. Lieberman*, 244 F. Supp. 2d 100, 102 (E.D.N.Y. 2003). As the moving party, plaintiffs have the burden of proving that transfer is appropriate. *See O'Hopp v. ContiFinancial Corp.*, 88 F. Supp. 2d 31, 34-35 (E.D.N.Y. 2000) (citing *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir. 1978)).

The fact that defendants no longer maintain offices in New York is insufficient to warrant transfer of the case back to the Western District of Texas. The analysis undertaken by the district court in Texas did not focus so much on the location of defendants' offices as it did on the location of relevant documents and witnesses. Furthermore, the district court found most of the factors neutral to both parties and ultimately relied on the forum selection clause in granting the motion to transfer venue. That analysis was appropriate, and moreover is not changed by the closure of defendants' New York headquarters.

Further, taking into account that defendants are currently headquartered in Canada, the relevant factors largely remain neutral. The only factor that is possibly affected by the closure of defendants' New York office is the convenience of the parties. Texas is clearly more convenient for plaintiffs than New York. Now that defendants no longer have headquarters in New York, there is no longer a representative mass of employees. However, the fact that defendants' corporate representative still lives in New York, and all documents and witnesses related to the case are in New York tip the balance in defendants' favor.

In addition, while it is true that a forum selection clause is not determinative, plaintiffs severely understate the holding in *Stewart*, 487 U.S. at 29, by arguing that a forum selection clause is simply entitled to "consideration." Plaintiffs' Reply to Response to Motion to Reconsider Transfer of Venue ("Pls' Reply") ¶ 1. The presence of a forum selection clause will be "a *significant* factor that figures *centrally* in the district court's analysis." *Stewart*, 487 U.S. at 29 (emphasis added). Plaintiffs voluntarily signed two agreements consenting to jurisdiction in New York. Moreover, plaintiffs fail to provide any facts that would lead this Court to believe that the purpose of the forum selection clause is "to make litigation against [defendants] more difficult" or that the clause "serves no legitimate purpose." Pls' Reply ¶ 2.

Finally, plaintiffs imply that defendants acted in bad faith by not informing the district court in Texas that it would be closing its New York office. Pls' Mot. ¶ 15. According to the defendants, the case had already been transferred by the time the decision was made to close the New York office in late-January early-February, only after the sale of defendants' last significant asset, Coolbrands Dairy, Inc. Serruya Aff. ¶¶ 15, 16. Plaintiffs fail to provide any evidence to support a theory of fraud or bad faith by defendants.

## Conclusion

For the reasons set forth above, plaintiffs' motion for reconsideration is granted, but upon reconsideration the Court declines to transfer this case back to the United States District Court for the Western District of Texas.

**Dated: July 25, 2007**
    **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**